FIDELITY & CASUALTY CO. OF NEW YORK v. J. W. CROWDUS DRUG CO. (No. 1305.)

(Court of Civil Appeals of Texas. Texarkana. April 29, 1914. Rehearing Denied May 7, 1914.)

INSURANCE (§ 183*)—POLICY—CONSTRUCTION—AMOUNT OF PREMIUM.

An employer's liability policy stated that the premium of $113.90 placed therein was based or estimated upon data furnished in the schedule as to the amount of compensation paid employés, and, further, that the premium, though, should be subject to adjustment if the compensation was greater or less than the estimated sum stated in the schedule, etc. The compensation paid was in fact greater than the amount so estimated. *Held*, that the $113.90, the amount estimated, was not conclusive of the amount of the premium, and the insurer could recover the additional amount shown to be due.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 394; Dec. Dig. § 183.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by the Fidelity & Casualty Company of New York against the J. W. Crowdus Drug Company. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

The suit is by appellant against appellee to recover the amount of certain additional premiums covering a period of three years, alleged to be due by the terms of a policy of liability executed by appellant in favor of the drug company. The appellee, besides general denial, averred that there was a verbal waiver by the appellant of Condition

N in the policy, and further that by a rider attached to and forming a part of the policy it was agreed to continue in force the policy for the fixed sum of $113.90 per year. The only question submitted to the jury for their decision was that of waiver of increased premiums, and the verdict was in favor of the defendant.

The evidence shows that on July 27, 1907, the appellant issued and delivered to appellee a policy of insurance, which, as material to be stated, reads:

"No. 120202. The Fidelity and Casualty Company of New York, hereinafter called the 'company,' in consideration of one hundred thirteen 90/100 dollars ($113.90) premium and the statements hereinafter set forth in the Schedule of Statements, which statements the assured makes and warrants to be true by the acceptance of this policy, except the statements concerning the compensation of employés which are estimated, does hereby agree to indemnify the J. W. Crowdus Drug Company of Dallas, county of Dallas, state of Texas, hereinafter called the 'assured,' for a period of twelve months beginning on the 27th day of July, 1907, noon, and ending on the 27th day of July, 1908, noon, standard time at the place where this policy has been countersigned, against loss from the liability imposed by the law upon the assured for damages on account of bodily injuries or, death, accidentally suffered while this policy is in force, by any person or persons while within the premises described in the Schedule or upon the sidewalk or other ways immediately adjacent thereto provided for the use of employés or the public, subject to the following conditions:

"Condition L. No erasure or change appearing on the face of this policy as originally printed and no change or waiver of any of its terms or conditions or statements shall be valid unless indorsed hereon, and signed by the president or vice president or one of the secretaries of the company. Notice to or knowledge by any agent or any other person shall not be held to waive any of the terms, conditions or statements hereof.

"Condition N. The premium for this policy is based on the data given in the Schedule. If the compensation of employés is greater or less than the estimated sum stated in the Schedule, or if the data otherwise given in the Schedule is erroneous, the premium charge shall be subject to adjustment on the basis of the rates stated in the analysis of premium given below. The company shall be entitled to examine the pay roll accounts and to check all other items of the Schedule whenever it desires to do so."

There was attached to the policy the following rider: "Form 22 C. Date July 27th 1907. 'Installment Form.' It is hereby understood and agreed that the assured under Gen. Lia. policy No. 120202 may cause the insurance to be continued from noon of the 27th

day of July, 1908, to noon of the 27th day of July, 1909, standard time, at the place where this policy has been countersigned, by the payment of $113.90 dollars, and that the payment at the expiration of said period of the further sum of $113.90 dollars shall continue the insurance for the period of one year, to wit, from noon of the 27th day of July, 1909, to noon of the 27th day of July, 1910, standard time, at the place where this policy has been countersigned. Nothing herein contained shall be held to abrogate the right of the company to cancel the policy as provided in it. Attached to and forming part of Gen. Lia. policy No. 120202 of the Fidelity and Casualty Company of New York to the J. W. Crowdus Drug Co. and dated July 27, 1907. Robt. J. Hillas, Vice President-Secretary."

Under the "Schedule of Statements" set forth in the policy there appears as follows: "Estimated wages of office men, $6,000.00, at 5 cents per $100; estimated wages of all other employés engaged on the premises, $6,000.00, at 20 cents per $100." Acting on this statement of estimated wages, which was made by the appellee to appellant's general agent, the appellant's general agent fixed $113.90 as the amount of the premium, based on the rate of 5 cents per $100 for office men, and 20 cents per $100 for all other employés. Appellee accepted the policy when it was delivered to it. It was proven without dispute that the books of appellee showed actual wages paid by it to its employés from July 27, 1907, to July 27, 1910, which was the life of the policy, to be $180,204.78, and that this was the correct amount that the premiums during the three years mentioned should have been paid on at the rate per $100 specified in the policy, instead of $12,000 as erroneously represented by the data furnished by appellee in the "Schedule of Statements" in the policy. It was agreed by the parties that in calculating the premium payable based on the amount of wages paid there was a balance unpaid above $113.90 of $69.18 for each of the three years during which the policy was in force. At the end of both the first and second years the appellee sent a check for $113.90 to pay the premium for each year; and appellant offered evidence going to show that it issued and mailed to appellee for each payment a renewal receipt, which, among other things, recited that the policy was continued in force for another year, "subject to all the conditions and agreements contained in the aforesaid policy." The appellee does not offer testimony to show whether it did or did not receive the renewal receipts. The testimony does not establish in point of fact that appellant, or its authorized agent acting within the scope of his authority, had waived its right to additional premiums to the $113.90 paid each year, based on the amount of the compensation paid the employés of appellee. The further question arising on the record is one of law under the undisputed facts above set out.

Thomas & Rhea and G. D. Hunt, all of Dallas, for appellant. Seay & Seay, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). According to the policy, the appellant contracted to indemnify the appellee against loss in legal liability for damages "in consideration of $113.90 premium and the statements hereinafter set forth in the Schedule of Statements." It is further stipulated in the policy that "the premium for this policy is based on the data given in the Schedule. If the compensation of employés is greater or less than the estimated sum stated in the Schedule, or if the date otherwise given in the Schedule is erroneous, the premium charge shall be subject to adjustment on the basis of the rates stated in the analysis of premium given below." The "rates stated in the analysis of premium" given in the policy provides "5 cents per $100" of the wages paid "office employés," and "20 cents per $100" of the wages paid "all other employés engaged on the premises." Appellee by accepting the policy would be held to have agreed to all its terms. The policy clearly evidences the agreement of the parties to base the sum of the premium payable on the amount of wages paid by appellee to its employés at the rates specified in the policy for each $100 paid such employés. According to the wording of the policy, the sum of $113.90 was placed therein as the premium payable under the rates specified as based on the data given in the schedule. The data given in the schedule, which was furnished by appellee for the purpose of fixing the amount of the premium, shows "estimated wages" paid employés in the total sum of $12,000. The $113.90 recited as the sum of premium payable being, according to the policy, fixed on "estimated wages" only, then, in view of the further stipulation of the parties, and under the undisputed facts of this case, the sum of $113.90 would not be conclusive of the amount of premium that was payable by appellee. The further stipulation provided that the premium charge should be "subject to adjustment" if "the compensation is greater or less than the estimated sum stated in the Schedule, or if the data otherwise given in the Schedule is erroneous." It was proven without dispute that the "estimated wages" in the total amount of $12,000 stated in the schedule was way below the true and correct amount of the total wages paid by appellee to its employés. And the true and correct amount shown by the books of appellee was conclusively proven. The true and correct amount of the total wages paid its employés being thus truly arrived at, it then became, under the policy, a mere matter of mathematical calculation, and nothing more, to get the amount of the premium payable, for the rates

were expressly fixed and agreed upon in the face of the policy. Where there is nothing left open for the parties to do but to ascertain the amount of the pay roll and then merely to mathematically compute, as here, the amount of the premium, the agreement of the parties should, in order to carry out its purpose and plain intent, be understood as meaning to pay what may be due from one party to the other. And in view of the stipulation of the parties and the undisputed facts, it is believed that the appellant has shown a right of recovery for the additional amount of premiums, which, in amount, are admitted. There is no evidence of any probative force whatever introduced showing that appellant, or its authorized agent acting within the scope of his authority, had waived its right to the additional premium sued for. It follows that appellant was entitled, under the facts, as a matter of law, to recover, and the court should have given the peremptory instruction asked for by appellant. Assignment No. 1 is therefore sustained, and this disposes of the appeal.

The appellee argues that the rider on the policy fixes the premium payable and should control. The rider merely authorizes a renewal, and does not introduce new or additional terms, or modify or alter Condition N in the policy.

The judgment is reversed and here rendered in favor of the appellant for $207.54, with interest at 6 per cent. from October 25, 1911, and for the costs of the trial court and of this appeal.